GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
gibsondunn.com

Mylan L. Denerstein
Direct: +1 212.351.3850
Fax: +1 212.351.6350
MDenerstein@gibsondunn.com

February 13, 2024

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: *American Alliance for Equal Rights v. Fearless Fund Management, LLC*, No. 23-13138—Argued January 31, 2024 (Rosenbaum, Newsom, and Luck, Circuit Judges)

Dear Mr. Smith:

We write in response to the Alliance's provision of supplemental authority under Fed. R. App. P. 28(j). The case on which the Alliance relies—*Speech First, Inc. v. Shrum*, 2024 WL 506224 (10th Cir. Feb. 9, 2024)—does not support the Alliance's position that it has standing to seek preliminary injunctive relief on behalf of anonymous members.

*First*, the Tenth Circuit addressed only the required showing of standing at the pleadings stage, where the organization's "'burden in establishing standing is lightened considerably.'" *Speech First*, 2024 WL 506224, at *2 n.1. The Tenth Circuit did not hold—as the Alliance argues here—that a district court could enter extraordinary preliminary injunctive relief at the behest of an organization representing members whose identities are unknown to either the opposing party or the court. *See* Foundation Br. 39.

*Second*, the Tenth Circuit did not address how anonymity affects the organization's ability to prove that a member suffered a concrete injury. Anonymity presents fewer credibility and proof problems where, as in *Speech First*, an organization represents members in a well-defined and limited population—specifically, three students at Oklahoma State University who challenged the university's speech-related policies. 2024 WL 506224, at *1. In contrast, the Alliance purports to represent three small business owners scattered across the country who claim to be "able and ready" to apply to a charitable grant program they had never heard of before the Alliance's president decided to sue the Foundation. Foundation Br. 43-48.

*Third*, the Tenth Circuit did not address the requirements for a preliminary injunction, much less the demand for irreparable harm above and beyond the

standing baseline.  *See Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. Jacksonville*, 896 F.2d 1283 (11th Cir. 1990).

Respectfully submitted,

*/s/ Mylan L. Denerstein*

Mylan L. Denerstein
GIBSON, DUNN & CRUTCHER LLP
*Counsel for Defendants-Appellees*

cc:     All counsel of record (via ECF)