

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

**RE:** *American Alliance for Equal Rights v. Fearless Fund Management, LLC*, No. 23-13138 – Response to Rule 28(j) Letter

Dear Mr. Smith:

Fearless says "[b]oth the majority and concurring opinions" in *Do No Harm v. Pfizer*, 2024 WL 949506 (2d Cir.), support its standing arguments. Ltr.1. That's impossible because the opinions reach opposite conclusions. *Compare* Op.26-27 (association had to give real names), *with* Concur.2-12 (no it didn't), *and* Concur.12-18 (association failed to prove ability/readiness), *with* Op.27 n.8 (no it didn't). Here, both the district court and the motions panel rejected Fearless' standing arguments. Nothing in *Pfizer* should change that result.

*Pfizer* is an outlier. Accepting its bar on anonymity, as Fearless agreed at oral argument, requires "disagreeing with the D.C. Circuit …, … the Fourth, and the Ninth." O.A.Recording 31:56-32:18. Add also the Tenth in *Speech First v. Shrum*, 92 F.4th 947 (2024). *Pfizer* dismisses *Shrum* as a case about the "pleading stage," Op.25 n.7, but under *Pfizer*'s logic, it wasn't. The plaintiff in *Shrum* moved for a preliminary injunction, 2023 WL 2905577, at *1 (W.D. Okla.), which *Pfizer* (wrongly) says takes the standing analysis past the pleading stage, Op.30-33. This Court had it right in *Speech First v. Cartwright*: On a preliminary injunction decided before the answer is filed or discovery begins, standing is analyzed like "the pleading stage." 32 F.4th 1110, 1119 (2022). Prior Second Circuit precedent agrees. *Fair Hous. in Huntington v. Huntington*, 316 F.3d 357, 361-62 (2003).

*Pfizer* is unpersuasive. It cannot explain why Article III cares whether the court knows a member's real name. Pseudonyms don't suggest the member lacks "sincerity." Op.21-22. They suggest the member values privacy and fears retaliation. Blue-Br.30-31; *e.g.*, R.2-11 ¶14. And if concerns about sincerity exist, submitting a stranger's first and last name to the court, "*in camera*," does nothing to resolve them. Op.8 n.3.

*Pfizer* is, at a minimum, distinguishable. It doesn't say what to do if the district court insists, like it did here, that it doesn't need the members' legal names to assess standing. R.115 at 7. And unlike in *Pfizer*, the district court found that the Alliance's members were ready and able to apply, and Fearless never contested that fact below. Gray-Br.5-8.

Dated: March 6, 2024                    Respectfully submitted,

*/s/ Cameron T. Norris*
Thomas R. McCarthy
Cameron T. Norris
Gilbert C. Dickey
R. Gabriel Anderson
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
cam@consovoymccarthy.com

## CERTIFICATE OF COMPLIANCE

This letter complies with Rule 28(j) because its body contains 344 words.

Dated: March 6, 2024                    */s/ Cameron T. Norris*

## CERTIFICATE OF INTERESTED PERSONS

Per Rule 26.1 and Circuit Rule 26.1, Appellant certifies that the prior certificates of interested persons filed by the parties and amici are accurate.

Dated: March 6, 2024                    */s/ Cameron T. Norris*

## CERTIFICATE OF SERVICE

I e-filed this letter with the Court, which will email everyone requiring notice.

Dated: March 6, 2024                    */s/ Cameron T. Norris*